# SUPERIOR COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2019RCCV00131**

CARL C. BROWN JR.
MAR 08, 2019 04:33 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER   2019RCCV00131

Ealey, George

_____

**PLAINTIFF**

**VS.**

Roundtree, Richard
Wren, Jimmy
Sapp, George

_____

**DEFENDANTS**

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Reginald Greene**
**Greene Legal Group LLC**
**600 W Peachtree Street, Suite 605**
**Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of March, 2019.**

Clerk of Superior Court

_____
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Exhibit A

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2019RCCV00131**
**CARL C. BROWN JR.**
MAR 11, 2019 04:30 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORIGA

| | | |
|---|---|---|
| **GEORGE EALEY** | ) | |
| **Administrator of the Estate of** | ) | |
| **TENNIEL O'BRYAN EALEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | 2019RCCV00131 |
| **RICHARD ROUNDTREE, individually,** | ) | **JURT TRIAL DEMANDED** |
| **and in his official capacity as the** | ) | |
| **Richmond County Sheriff,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JIMMY WREN, individually, and in** | ) | |
| **his official capacity as a Richmond** | ) | |
| **County Deputy,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GEORGE SAPP, individually, and in** | ) | |
| **his official capacity as a Richmond** | ) | |
| **County Deputy,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

**(Survival Act; Wrongful Death; False Imprisonment; Deprivation of Civil Rights;
Excessive Force and Illegal Seizure; Failure to Train, Supervise
and Discipline; 42 U.S.C 1983; Battery)**

## INTRODUCTION

**1.**

This is a civil action seeking damages against Richard Roundtree, who is the Richmond County Sheriff; Jimmy Wren, who is a Richmond County Deputy; George Sapp, who is a Richmond County Deputy (collectively, "Defendants") for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the state of Georgia; and, for refusing or failing to prevent such deprivations and denials to Plaintiff.  Plaintiff alleges, among other things, that Defendants intentionally, negligently and/or recklessly caused Plaintiff to be subjected to unnecessary and unwarranted force, that his restraint was unlawful, and other violations of his constitutional rights.  This action seeks both compensatory and punitive damages against Defendants for the intentional acts of wrongdoing under state law.

## JURISDICTION

**2.**

This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  The Court has jurisdiction over this action under 42 U.S.C. Section 1983, 28 U.S.C.  Section 1343, and 28 U.S.C. Section 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. Section 1367.

## PARTIES

**3.**

At all times relevant herein, Decedent Tenniel Ealey was a resident of the State of Georgia and a citizen of the United States.

**4.**

Plaintiff George Ealey is the father and administrator of the estate of Tenniel Ealey.

**5.**

At all times relevant herein, Defendant Richard Roundtree was the Richmond County Sheriff and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Georgia pursuant to his authority as the Sheriff.

**6.**

At all times relevant herein, Defendant Jimmy Wren was a Richmond County Deputy and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Georgia pursuant to his authority as a police officer.

**7.**

At all times relevant herein, Defendant George Sapp was a Richmond County Deputy and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Georgia pursuant to his authority as a police officer.

## **STATEMENT OF FACTS**

**8.**

On June 11, 2017, at 1:30 p.m., Deputies, from the Richmond County Sheriff's Office, Jimmy Wren and George Sapp, were dispatched to 4407 Carswell St. in Augusta, GA.

**9.**

Much of this incident was recorded on Defendant's body cameras.

**10.**

Upon their arrival to 4407 Carswell St., Defendants Wren and Sapp encountered Tenniel Ealey, a mentally incompetent person, who was actively undergoing an obvious and serious mental health crisis near his home, symptomatic with bi-polar disorder.

**11.**

Mr. Ealey was acting erratically and was not communicating coherently but was not violent or aggressive toward the officers.

**12.**

Both Defendants Wren and Sapp believed Mr. Ealey was suffering from mental illness or was under the influence of an intoxicant.

**13.**

Despite Mr. Ealey's obvious medical needs, neither Defendants Wren nor Sapp called paramedics or summoned appropriate medical personnel to the location.

**14.**

Rather, Defendants Wren and Sapp restrained Mr. Ealey with separate handcuffs and leg irons, then "hog tied" him and watched as Mr. Ealey continued to experience a mental episode on the ground.

**15.**

Defendants Wren and Sapp watched as a distressed and bound Mr. Ealey experienced severe psychiatric behavior, which consisted of Mr. Ealey writhing on the ground for several minutes and took no action to render medical treatment of any sort to Mr. Ealey.

**16.**

Defendants Wren and Sapp pulled Mr. Ealey along the ground and put him face down in a prone position in Defendant Wren's patrol car.

**17.**

Defendant Wren waited many critical minutes to leave the scene while talking to Defendant Sapp.  Neither Defendant checked on the deteriorating medical condition of Mr. Ealey.

**18.**

At no time did either Defendant Wren or Sapp summon emergency medical personnel to 4407 Carswell St. in Augusta, GA to attend to Mr. Ealey.

**19.**

Shortly thereafter, at 2:33 p.m., Defendant Wren began transporting Mr. Ealey in his patrol car to Augusta University Medical Center ("AUMC") for a mental examination.

**20.**

Shortly after departing, Mr. Ealey can be heard on the body camera breathing heavily and audibly grunting.

**21.**

While driving, and not paying attention to Mr. Ealey, Defendant Wren began to focus on text messaging.  Defendant Wren's subject matter of his text, as captured on the body camera, had nothing to do with his employment.

**22.**

At 2:36 p.m. during transportation, Mr. Ealey became unresponsive and could no longer be heard breathing.  Defendant Wren took no action whatsoever to check on the condition of Mr.

Ealey.  Defendant Wren was still texting while driving and began a personal conversation that lasted for several minutes.

**23.**

At 2:47:17 p.m. the call for service reported that Defendant Wren was at *"7102 Windsor Spring and Good Lake Road with unresponsive SUBJ he was transporting."*.  At 2:47:42 p.m. he reported that "*the subject is not breathing and has no pulse"*.

**24.**

Defendant Wren did not take a direct route and was inexplicably delayed.  The distance between the site of the arrest of 4407 Carswell Street and 7102 Windsor Spring Road is 1.6 miles which takes approximately four minutes to drive.  It took Defendant Wren twelve minutes to transport Mr. Ealey from 4407 Carswell Street in Augusta, GA to 7102 Windsor Spring and Good Lake Road.

**25.**

Defendant Wren pulled his patrol car over into the left turn lane at the intersection of Woodlake Drive and Windsor Spring Road.

**26.**

Deputy Ty Dailey, another Richmond County Deputy, arrived and helped Defendant Wren remove Mr. Ealey from the patrol car.

**27.**

Paramedics arrived at 2:47:49 p.m. and performed Cardiopulmonary resuscitation (CPR) on Mr. Ealey.

**28.**

At 3:12 p.m. Mr. Ealey was transported to the AUMC facility and Plaintiff was

pronounced dead at 3:38 p.m. on June 11, 2017.

**29.**

On September 17, 2017 the Augusta Coroner ruled Mr. Ealey's cause of death to be

excited delirium.

**30.**

The Augusta County Policy on *Handcuffing And Handling of Combative Subjects* says in

Section 5.2-4**:**

> Hog-Tying is "handcuffing behind the back, shackling the legs with leg shackles,
> interlocking them and then laying the subject in a prone position.  This action is
> prohibited.

**31.**

The Augusta County Sheriff policies further declare on Sec. 5-2.4:

> "Only the amount of force that is objectively reasonable will be used to control
> and restrain the combative person" and that, "Once the employee has been
> controlled or retrained the person/detainee will be placed in the upright sitting
> position."

**32.**

The policy specifies:

> "No person or detainee will be "hog-tied".  The person/detainee will be placed in
> an upright sitting position in the back of the vehicle with the seatbelt/ harness."

**33.**

Augusta County Policy S.O.P. 1-6. entitled, "*Dealing With Persons Of Diminished*

*Capacity",* speak extensively to using the tools of time and patience will greatly assist the officer

in resolving these incidents.

7

**34.**

Defendant officers violated or did not conform to all of the above policies.

**35.**

On or about June 16, 2017, Plaintiff gave notice to the State of Georgia via certified mail, return receipt requested pursuant to O.C.G.A. § 50-21-26 (the "Ante Litem Notice").  A true and correct copy of the Ante Litem Notice is attached hereto as **"Exhibit A"**.

**36.**

The Ante Litem Notice was received on or about June 19, 2017.  A true and correct copy of the return receipt is attached hereto as **"Exhibit B"**.

## COUNT I
## SURVIVAL ACT

**37.**

Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

**38.**

Pursuant to O.C.G.A. § 9-2-40 and O.C.G.A. § 9-2-41, the decedent's right of survival arising from the wrongful and intentional conduct by the Defendants is held by George Ealey, the legal representative of the Estate of Tenniel O'Bryan Ealey.

**39.**

Plaintiff George Ealey demands all damages recoverable under the Act including substantial damages for funeral and medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and

punitive damages, plus interest and costs.

## COUNT II
## WRONGFUL DEATH

### 40.

Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

### 41.

Plaintiff's claims are also actionable under the Georgia Wrongful Death Act O.C.G.A. § 51-4-1 and all other elements of damage under the laws of the State of Georgia.

### 42.

As a direct result of the wrongful and intentional acts of the Defendants, the next of kin of the decedent is entitled to incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III
## FALSE IMPRISONMENT

### 43.

Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 40 as if fully set forth and herein.

### 44.

The conduct of Defendants Wren and Sapp in exercising dominion and control over the freedom of Mr. Ealey, by placing Mr. Ealey in handcuffs, leg irons, and "hog tying" him, was an

intentional restraint of Mr. Ealey against his will, by which Mr. Ealey had no reasonable means of escape.

**45.**

As Mr. Ealey continued to experience a mental episode, he was aware of the restraints that he was constrained by.

**46.**

As a direct and proximate result of Defendants Wren and Sapp's intentional restraint of Mr. Ealey, Mr. Ealey died.

**47.**

The conduct of Defendants Wren and Sapp in restraining Mr. Ealey through barbaric means, watching him experience a mental episode while restrained on the ground, dragging him toward Defendant Wren's patrol car, and throwing Mr. Ealey into Defendant Wren's patrol car face down in a prone position was outrageous and illustrates Defendant Wren and Sapp's reckless indifference to the rights and well-being of Mr. Ealey, and therefore Plaintiff is entitled to an award of punitive damages against Defendants Wren and Sapp.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
## DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

**48.**

Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

**49.**

Defendants Wren and Sapp maliciously and with deliberate indifference to the safety and well-being of Mr. Ealey, restrained Mr. Ealey by "hog tying" him without reasonable grounds or probable cause, dragged him along the ground, and put Plaintiff face down in a prone position in Defendant Wren's patrol car.

**50.**

The restraint was and is in violation of Mr. Ealey's right to be free from unreasonable seizure and excessive force secured by the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. § 1983.

**51.**

As a direct and proximate result of Defendants Wren and Sapp's malicious physical abuse of Mr. Ealey as set forth herein, Mr. Ealey was subjected to an illegal seizure and the excessive use of force which resulted in his death.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

**COUNT V**
**EXCESSIVE FORCE AND ILLEGAL SEIZURE UNDER 42 U.S.C. § 1983**

**52.**

Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

**53.**

Defendants Wren and Sapp maliciously and with deliberate indifference, and conscious disregard to the safety and well-being of Mr. Ealey, restrained Mr. Ealey by "hog tying" him without reasonable grounds or probable cause, dragged him along the ground, and put Mr. Ealey face down in a prone position on the back seat of Defendant Wren's patrol car.

**54.**

The dangerous restraint used by Defendants was in violation of Plaintiff's right to be free from unreasonable seizure and excessive force secured by the Fourth Amendment to the United States Constitution and protected under 42 U.S.C. § 1983.

**55.**

Mr. Ealey had an established Fourth Amendment right to be free from the use of excessive force and to not be seized unreasonably.

**56.**

Notice was provided to Defendants by Augusta County policies and Supreme Court rulings clearly forbidding hog-tying and the use of force that can cause serious bodily injury.

**57.**

As a direct and proximate result of Defendants Wren and Sapp's malicious physical abuse of Mr. Ealey as set forth herein, Mr. Ealey was subjected to an unconstitutional seizure and the excessive use of force which resulted in his death.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI
## FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE UNDER 42 U.S.C. § 1983

### 58.

Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

### 59.

At all times relevant herein, Defendants Wren and Sapp were acting under the discretion and control, and pursuant to the rules, regulations, policies, procedures, practices and customs of, and at the direction of Defendant Roundtree.

### 60.

Defendant Roundtree acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Mr. Ealey by failing to properly train, supervise, control, direct, monitor, and discipline Defendants Wren and Sapp.

### 61.

Mr. Ealey has an established Fourth Amendment right to be free from the use of excessive force and not to be seized unreasonably.

### 62.

Notice was provided to Defendant by Augusta County policies and Supreme Court rulings clearly forbidding hog-tying and the use of force that can cause serious bodily injury.

### 63.

As a direct and proximate result of the acts and omissions of Defendant Roundtree, Mr. Ealey was unlawfully seized, otherwise mistreated, and died.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages,

plus costs of this action, attorney's fees, and such other relief as the Court deems fair and

appropriate under the circumstances.

This 11th Day of March 2019,

Respectfully submitted,

**GREENE LEGAL GROUP LLC**

*s/ Reginald A. Greene*
Reginald A. Greene, Esq.
Georgia Bar No. 308674
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. (404) 574-4308
Fax: (404) 574-4312
rgreene@greenelegalgroup.com

-and-

Malik Z. Shabazz (*Pro Hac* Pending)
Black Lawyers for Justice
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
Tel: (202) 434-4513
Fax: (202) 248-4478
attorneyshabazz@yahoo.com

Counsel for Plaintiff

14

# EXHIBIT A

# GREENE LEGAL GROUP LLC

*Local Presence. Global Perspective.*

**ATTORNEYS AND COUNSELORS AT LAW**

ONE GEORGIA CENTER · SUITE 605 · 600 WEST PEACHTREE STREET · ATLANTA, GEORGIA 30308
PHONE: (404) 574-4308 · FACSIMILE: (404) 574-4312
WWW.GREENELEGALGROUP.COM

Reginald A. Greene, Esq.
Direct Dial: 404-574-4311
rgreene@greenelegalgroup.com

June 16, 2017

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Risk Management Division of the
Department of Administrative Services
200 Piedmont Avenue SE,
West Tower, Suite 1208
Atlanta, Georgia 30334-9010

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Mayor Hardie Davis, Jr.
Augusta-Richmond County Consolidated Government
535 Telfair Street
August, Georgia 30901

**VIA CERTIFIED MAIL**
District 8 Commissioner, Wayne Guilfoyle
Augusta-Richmond County Consolidated Government
4940 Windsor Spring Rd.
Hephzibah, Georgia 30815

**VIA CERTIFIED MAIL**
Sheriff Richard Roundtree
Richmond County Sheriff's Office
400 Walton Way
Augusta, Georgia 30901

**Re:**     **Ante Litem Notice – Estate of Tenniel Ealey v. State of Georgia**

To the above recipients:

Please be advised that this firm represents the family of Tenniel Ealey (the "Family") in connection with an incident that occurred on or about June 11, 2017, involving Richmond County Sheriff's deputies.

**Factual Allegations**

On Sunday June 11, 2017 at 1:30 p.m., Richmond County deputies were called to 4407 Carswell in Hephzibah, Georgia and encountered Tenniel, a man with known mental issues,

having an episode near his home.  Witnesses stated that Tenniel was behaving erratically, but not violently.  The deputies apparently attempted to coax him back into his home, but then decided to take him in for a mental evaluation at the local hospital.  No paramedics were called to the scene.  Instead, the deputies forcibly tackled Tenniel, handcuffed him and put him into their patrol car.  A short time later, the deputies claimed that he was non-responsive and not breathing in the back seat of the patrol car so they pulled over to attempt CPR.  He was pronounced dead at 3:38 p.m. that day.

Before his family was properly notified and allowed to identify his body, he was whisked away to the GBI Crime Lab in Atlanta for an autopsy.  The exact cause of his death remains under investigation, but this notice is being sent to preserve any claims that his family and/or his estate may have based on the results of the investigations.

<u>**Notice and Basis of Liability**</u>

This letter shall serve as an official *ante litem* notice, pursuant to O.C.G.A § 50-21-26.  Unless this matter can be resolved outside of litigation, the Family intends to file suit against all agencies, departments, and any official and/or personnel responsible, to recover all damages allowed under the laws of the State of Georgia and 42 U.S.C § 1983.  We believe the Family may be entitled to compensatory and punitive damages for each cause of action stemming from this incident, including without limitation, any causes of action against the responsible parties for negligent or intentional conduct as well as 42 U.S.C § 1983 violations.

The basis of liability as to the State of Georgia and/or various other departments and agencies, and individuals are still being investigated.  Upon information and belief, the responsible parties may be liable to his family and/or his estate because of the Deputy's actions related to this incident and all foreseeable causes and consequences of their actions.

The State may also be liable for the negligent hiring, supervision and/or training of each officers of the Richmond County Sheriff's Department, involved, and vicariously liable for the tortious conduct of each officer involved in this matter.  The exact amount of damages is not known at this time, but we believe that it is not less than six million dollars ($6,000,000.00).

If you require any additional information regarding these claims, please do not hesitate to contact me and I will provide you with whatever information I have at my disposal.

Very truly yours,

Reginald A. Greene, Esq.

RAG/ae

# EXHIBIT B

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Risk Mgt. Division. of the
Dept. of Administrative Services
200 Piedmont Ave. S.E.
West Tower, Suite 1208
Hunter, Georgia 30334-9010

PS Form 3811, April 2015 PSN 7530-02-000-9053

Article Number (Transfer from service label)

9590 9401 0071 5168 3602 64

2015 0640 0005 0250 5921

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Angela Fript_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
_Angela Fript_    _6/19/17_

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TO: Mayor Hardie Davis Jr.
Government
535 Telfair Street
Augusta, Georgia 30901
(Augusta-Richmond County)

Article Number (Transfer from service label)
7015 0640 0005 0250 5938

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Marty Lee_  ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Marty Lee_   6/11/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                Domestic Return Receipt

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2019RCCV00131**
**CARL C. BROWN JR.**
**MAR 21, 2019 01:49 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORIGA

GEORGE EALEY )
Administrator of the Estate of )
TENNIEL O'BRYAN EALEY, )
        )
        **Plaintiff,** )
        )
v. )
        )
RICHARD ROUNDTREE, individually, )
and in his official capacity as the )
Richmond County Sheriff, )
        )
and )
        )
JIMMY WREN, individually, and in )
his official capacity as a Richmond )
County Deputy, )
        )
and )
        )
GEORGE SAPP, individually, and in )
his official capacity as a Richmond )
County Deputy, )
        )
        )
        **Defendants.** )

**CIVIL ACTION FILE NO.**
**2019RCCV00131**

**JURT TRIAL DEMANDED**

## ACKNOWLEDGEMENT OF SERVICE

COME NOW, Defendants Richard Roundtree, Jimmy Wren and Georga Sapp

(collectively, "Defendants"), by and through their undersigned counsel, and hereby acknowledge

that they have received a copy of the Amended Complaint for Damages ("Complaint") and

Summons in the above-referenced action.

Defendants hereby waive formal process, but do not waive further notice, or their right to

raise any defenses that they may have in this action.  Should further notice be required for any

reason, the notice should be mailed to Defendants at the following address:

1

Tameka Haynes, Esq.
Frails & Wilson Attorneys at Law
211 Pleasant Homes Road, Suite A1
Augusta, GA 30907

Defendants hereby acknowledge that they are required to file with the Clerk of this Court

an answer to the Complaint within 30 days after the date of this acknowledgment and to serve it

upon Plaintiff's attorney at the following address:

Reginald A. Greene, Esq.
Greene Legal Group LLC
600 West Peachtree Street, N.W., Suite 605
Atlanta, Georgia 30308

This _21th_ day of March, 2019,

Respectfully submitted,

Frails & Wilson Attorneys at Law

By_____
Tameka Haynes, Esq.
Georgia Bar No. 453026
211 Pleasant Homes Road, Suite A1
Augusta, GA 30907
Tel: 706-855-6715
Fax: 706-855-7631

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Acknowledgement of Service upon Plaintiff via first class U.S. Mail, postage prepaid as follows:

Reginald A. Greene, Esq.
Greene Legal Group LLC
600 West Peachtree Street, N.W., Suite 605
Atlanta, Georgia 30308

This ___21st___ day of March, 2019,

Respectfully submitted,

Frails & Wilson Attorneys at Law

By_____
Tameka Haynes, Esq.
Georgia Bar No. 453026
211 Pleasant Homes Road, Suite A1
Augusta, GA 30907
Tel: 706-855-6715
Fax: 706-855-7631

3