IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GEORGE EALEY, Administrator of the Estate of TENNIEL O'BRYAN EALEY,<br><br>   Plaintiff,<br><br>vs.<br><br>RICHARD ROUNDTREE, individually and in his official capacity as the Richmond County Sheriff, JIMMY WREN, individually and in his official capacity as a Richmond County Deputy, and GEORGE SAPP, individually and in his official capacity as a Richmond County Deputy,<br><br>   Defendants. | CASE NO.: 1:19-cv-00049-JRH-BKE |

## ANSWER

COME NOW Defendants Richard Roundtree, Jimmy Wren, and George Sapp, in their individual and official capacities, and file this Answer to Plaintiff's Amended Complaint, showing the Court the following:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiff's claims fail due to lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### THIRD DEFENSE

1

Some or all of Plaintiff's claims are barred by the doctrines of qualified and official immunities.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

## FIFTH DEFENSE

To the extent that Defendants are being sued in their official capacities, Plaintiff's § 1983 claims are not cognizable.

## SIXTH DEFENSE

Plaintiff has failed to provide proof that an ante litem notice was sent to Defendants as required by O.C.G.A. § 36-11-1.

## SEVENTH DEFENSE

Any injuries to Plaintiff or Tenniel Ealey directly resulted from Mr. Ealey's methamphetamine use and not any actions by Defendants.

## EIGHTH DEFENSE

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

## NINTH DEFENSE

Defendants hereby respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. The allegations contained in paragraph 1 are introductory such that a response it not required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit only that Richard Roundtree is the Sheriff of Richmond County; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit only that Jimmy Wren was a Deputy with the Richmond County Sheriff's Office; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit only that George Sapp was a Deputy with the Richmond County Sheriff's Office; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendants admit only that Exhibit A speaks for itself; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants admit only that Exhibit B speaks for itself; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 36 of Plaintiff's Complaint.  For further answer, the return receipts do not show that the ante litem notice was received by Defendants.

37. Defendants incorporate their answers contained in paragraphs 1 through 36 of Plaintiff's Complaint as if restated herein.

38. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants incorporate their answers contained in paragraphs 1 through 39 of Plaintiff's Complaint as if restated herein.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants incorporate their answers contained in paragraphs 1 through 42 of Plaintiff's Complaint as if restated herein.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendants incorporate their answers contained in paragraphs 1 through 47 of Plaintiff's Complaint as if restated herein.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants incorporate their answers contained in paragraphs 1 through 51 of Plaintiff's Complaint as if restated herein.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendants admit only that the Fourth Amendment provides protection against excessive force and unreasonable seizures; otherwise, Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendants incorporate their answers contained in paragraphs 1 through 57 of Plaintiff's Complaint as if restated herein.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendants admit only that the Fourth Amendment provides protection against excessive force and unreasonable seizures; otherwise, Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

## TENTH DEFENSE

Defendants deny each and every requested prayer for relief contained in Plaintiff's Complaint.

## ELEVENTH DEFENSE

All allegations contained in Plaintiff's Complaint that were not admitted or otherwise responded to above are hereby denied.

**WHEREFORE**, Defendants prays that this Court:
   a. Dismiss Plaintiff's Complaint with prejudice;
   b. Grant judgment to Defendants;
   c. Assess all costs against Plaintiff; and
   d. Award such other and further relief as just and proper.

Respectfully submitted this 4th day of April, 2019.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GEORGE EALEY, Administrator of the Estate of TENNIEL O'BRYAN EALEY,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD ROUNDTREE, individually and in his official capacity as the Richmond County Sheriff, JIMMY WREN, individual and in his official capacity as a Richmond County Deputy, and GEORGE SAPP, individually and in his official capacity as a Richmond County Deputy,<br><br>    Defendants. | CASE NO.: |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing **Answer** in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system or by depositing a copy in the United States mail with adequate postage attached thereon to:

Reginald A. Green
Greene Legal Group LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, GA 30308

Malik Z. Shabazz
Black Lawyers for Justice
1200 G. Street, N.W., Suite 800
Washington, D.C. 20005

This 4th day of April, 2019.

        /s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com